IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SPECIAL OLYMPICS, INC.<br><br>1133 19th Street, N.W.<br>Washington, DC 20036-3604<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID & GOLIATH, INC. (a Florida corporation)<br><br>*Defendant.* | Civil Action No.: 07-1415 (RCL)<br><br>FILED<br>OCT 11 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**CONSENT JUDGMENT**

WHEREAS Plaintiff, Special Olympics, Inc. ("Special Olympics"), brought this action against Defendant, David & Goliath, Inc., to remedy acts of trademark infringement, unfair competition, false representation, and false designation of origin arising out of Defendant's use of the terms SPECIAL OLYMPICS, as detailed in the *Complaint*;

WHEREAS Defendant waives formal service of the *Complaint*, acknowledges the strength and validity of the SPECIAL OLYMPICS trademark, and admits to having used the mark without Special Olympics' permission in connection with the sale of clothing;

WHEREAS the parties have reached an agreement and have proposed that it be adopted by this Court through the entry of a Consent Judgment; and

WHEREAS this Court has considered the proposed Consent Judgment and finds that good cause exists for the entry of a Judgment as set forth below:

1

NOW THEREFORE IT IS ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over both the subject matter of this case and the parties involved therein, and Defendant has received proper notice of the claims;

2. The terms SPECIAL OLYMPICS, FLAME OF HOPE, TORCH RUN, and LAW ENFORCEMENT TORCH RUN are strong and valid trademarks that identify Special Olympics, Inc. as the sole source of a variety of goods and services, including charitable fundraising service and clothing; and

3. Defendant has unknowingly engaged in acts of trademark infringement, unfair competition, false representation, and false designation of origin based on the activities specified in the *Complaint*, including through the use of the name SPECIAL OLYMPICS without permission in connection with the sale of clothing.

NOW THEREFORE JUDGMENT IS ENTERED in favor of Special Olympics, Inc. on all claims asserted in the *Complaint*, and this Court further orders:

A. That Defendant, along with any officers, agents, representatives, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of the Order by personal service or otherwise, be permanently enjoined from:

(1) Using the name "SPECIAL OLYMPICS," or any other reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of thereof, as any portion of a trademark that is to be used in the connection with the sale or provision or any good or service, including as a slogan, as an identifier, or as part of an illustration on any item of clothing;

    (2)    Engaging in acts that constitute infringement, unfair competition, false representation, or false designation of origin, under the trademark laws of the United States and which would damage or injure Special Olympics; or

    (3)    Inducing, encouraging, instigating, aiding, abetting, or contributing to any of the aforesaid acts.

B.    That in accordance with 15 U.S.C. §1118, Defendant deliver up to Special Olympics for destruction any and all goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements (and the like) in its possession or under its custody or control that use the "SPECIAL OLYMPICS" name, including but not limited to any unsold clothing;

C.    That in accordance with 15 U.S.C. §1116, Defendant be directed to serve on Special Olympics, no later than thirty days after receiving service of this Order, a report in writing and under oath setting forth in detail the manner and form in which it has complied fully with the Order; and

D.    That in accordance with 15 U.S.C. § 1117(a), Defendant be ordered to account for and pay over to Special Olympics the greater of:

    (1)    15% of all sales made by Defendant of clothing that bear the SPECIAL OLYMPICS name; or

    (2)    all of the gains, profits, savings, and advantages realized by Defendant as a result of its unlawful activities as detailed in the *Complaint*;

Each party to bear it own costs.

Entered this 11th day of Oct., 2007

_____
United States District Judge

Through undersigned, the parties hereby STIPULATE AND AGREE to the entry of the above *Consent Judgment* and to abide by its Terms:

_____
Edward T. Colbert (Bar No. 206425)
William M. Merone; Erik C. Kane
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC 20005
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201

*Counsel for Special Olympics, Inc.*

_____
David S. Goldman
Chairman
DAVID & GOLIATH, INC.
230 South Myrtle Avenue #401
Clearwater, Florida 33756
Tel.: (727) 210 – 1112

*Defendant, David & Goliath, Inc.*